## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JAMES W. JOHNSON,                           :
                                            :
                    Plaintiff,              :
                                            :
        v.                                  :   C. A. No. 11-1124-SLR/MPT
                                            :
STATE OF DELAWARE,                          :
                                            :
                    Defendant.              :

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

This is an employment discrimination case.  On November 16, 2011, pro se

Plaintiff James W. Johnson ("Johnson") filed a complaint against the State of Delaware

Department of Health and Social Services ("DHSS") alleging racial discrimination

pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §2000e.  DHSS has

subsequently moved for dismissal under FED. R. CIV. P. 4(m) claiming failure to properly

effect service within the 120 day limit.[1]

### II.   BACKGROUND

Johnson's complaint raises a claim of racial discrimination under Title VII.[2]  He

identifies a similarly situated co-worker and describes the differences in treatment

therein.  After formally filing a complaint with the Equal Employment Opportunity

Commission ("EEOC"), Johnson was issued a right to sue letter on August 18, 2011.[3]

---

[1] D.I. 7.
[2] D.I. 1.
[3] D.I. 3 at 12.

Subsequently, he filed this action on November 16, 2011 within the required 90-day limitation.[4]  On March 22, 2012, Johnson attempted service on DHSS by leaving a copy of the summons with deputy Attorney General Ophelia Waters, but never personally served or had such service made on the Attorney General.[5]

After nearly six months with nothing further occurring in this matter, on September 13, 2012, this court issued an order to show good cause why a responsive pleading had not been filed.[6]  DHSS' response on September 20, 2012 alleged lack of proper service, and moved to dismiss the case pursuant to FED. R. CIV. P. 4(m) and 10 DEL. C. §3103.  Having not timely responded to DHSS' motion, this court entered a second order on December 11, 2012 for Johnson to show good cause why the complaint should not be dismissed for failure to prosecute and to respond to the issues raised by DHSS.[7]  Johnson responded on the last day of the deadline, January 15, 2013, with an apology letter to the court,[8] an untitled document appearing to be an amended complaint,[9] and answered DHSS' motion to dismiss, which included a motion to amend pursuant to FED. R. CIV. P. 15.[10]  DHSS timely responded on January 23, 2013 to Johnson's combined filings.  DHSS maintains the court should dismiss Johnson's complaint for failure to effect service pursuant to Rule 4(m), and should consequently deny his motion to amend.

---

[4] D.I. 1.
[5] The court notes Johnson's summons to the alleged incorrect party is beyond the time limit set by the FED. R. CIV. P.
[6] D.I. 6.
[7] D.I. 8.
[8] D.I. 9.
[9] D.I. 10.
[10] D.I. 11.

## III.   GOVERNING LAW

FED. R. CIV. P. 4 ("Rule 4") provides, in relevant part:

**Rule 4. Summons**

      \*      \*      \*      \*      \*      \*

**(j)(2)** *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
> **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

      \*      \*      \*      \*      \*

**(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

"Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process."[11]  The court must grant an extension if good cause is present.[12]  However, even if the court finds ineffective service of process without good cause, it may allow the plaintiff another opportunity to attempt service.[13]  A determination of good cause relies on three factors:  (1) whether the plaintiff has reasonably attempted to effect service; (2) whether the defendant is

---

[11] *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).
[12] *Daniels v. Correctional Med. Services, Inc.*, 380 F. Supp. 2d 379, 384 (D. Del. 2005) (citing FED. R. CIV. P. 4(m)).
[13] *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

prejudiced by the absence of timely service; and (3) whether the plaintiff moved for an extension of time for effective service.[14]

Delaware courts require service under both DEL. SUPER. CT. R. 4(f)(1)(IV), which is the state equivalent to FED. R. CIV. P. 4(j), and 10 DEL. C. § 3103,[15] which requires personal service.[16]  The statute provides:

### § 3103. Service and return of summons

(c) No service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official powers or duties, shall be complete *until* such service is made upon the person of the Attorney General *or* upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General.

FED. R. CIV. P. 15(c)(1) ("Rule 15") provides, in relevant part:

### (C) Relation Back of Amendments

**(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:

*     *     *     *     *     *

**(c)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied *and* if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
**(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
**(ii)** knew or should have known that the action

---

[14] *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D.Del. 1988).
[15] *Miller v. State, Dept. of Public Safety*, C.A. No. 08C-07-231-JOH, 2009 WL 1900394, *4 (Del. Super. June 16, 2009).
[16] *Id.*

would have been brought against it, *but for a mistake* concerning the proper party's identity.[17]

Although courts recognize "[a] pro se complainant . . . must be held to less stringent standards than formal pleadings drafted by lawyers,"[18] proceeding as a pro se litigant, however, does not give a party the right to "flagrantly disregard the Federal Rules of Civil Procedure in an effort to manipulate rulings in [his] favor."[19] The Supreme Court found pro se plaintiffs must adhere to the rules of civil procedure and substantive law.[20] The Third Circuit consistently follows the standards set forth by the Supreme Court, dismissing pro se complaints when the plaintiff has failed to abide by the Federal Rules.[21]

## IV.   PARTIES' POSITIONS

### A.   DHSS

DHSS advances two arguments. The first addresses the motion to dismiss, claiming dismissal is appropriate due to Johnson's failure to serve DHSS under the applicable statutes and rules.[22] The second purports Johnson's motion to amend the complaint under Rule 15 is inappropriate as his problem is ineffective service, and not failure to name a proper defendant.[23]

---

[17] Rule 15(c)(1)(emphasis added).
[18] *Ning Ye v. Holder*, 644 F. Supp. 2d 112, 116 (D. D.C. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).
[19] *Lewis v. Williams*, C.A. No. 05-013-GMS, 2010 WL 2640188, *3 (D. Del June 30, 2010).
[20] *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse the mistakes of those who proceed without counsel.").
[21] *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 567, 570 (3d Cir. 1996); *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 604 (D. Del. 2007).
[22] D.I. 7 at 2-3.
[23] D.I. 12 at 4-5.

DHSS alleges Johnson's complaint was never effectively served. DHSS contends service on a state agency is subject to federal Rule 4(j), the applicable Delaware rule found at DEL. SUPER. CT. R. 4(f)(1)(IV) and state statute 10 DEL. C. § 3103. Under these standards, DHSS maintains service must be made upon the chief executive officer of the agency *and* upon the person of the Attorney General, the person of the Chief Deputy Attorney General, or the person of the State Solicitor.[24] DHSS, therefore, claims because Johnson only served Ophelia Waters, a deputy Attorney General, he never effected service upon DHSS, and personal jurisdiction over this state agency was not successfully implemented. As a result of the alleged failure to serve, DHSS claims Rule 4(m) controls and requests dismissal of the complaint, as it is now impossible to serve within the 120 day deadline.[25]

In responding to Johnson's motion to amend, DHSS points to the operation of Rule 15, which specifically applies to defendants who were not already named in the complaint. DHSS, however, notes it was properly named on the complaint, but simply never served as required under Rule 4.[26] DHSS also asserts Johnson fails to show any actual notice within the 120 day deadline after filing the complaint as required by Rule 15. It argues without notice within the deadline period, Rule 15(c) does not allow the complaint to relate back to the date of the originally filed complaint.[27] For the same reasons DHSS believes Rule 15 does not allow relation back of the amended complaint, it claims Johnson's attempt to add defendants Rita Landgraf ("Landgraf")

---

[24] D.I. 7 at 2.
[25] *Id.* 7 at 3.
[26] D.I. 12 at 4-5.
[27] *Id.* at 5.

and former Director of Labor Relations Jerome Cutler ("Cutler") fails to assert any actionable claims against them.

### B.    Johnson

Johnson does not directly address DHSS' dismissal arguments under Rule 4(m); rather he requests leave to amend the complaint to add Landgraf in her official capacity, and pursuant to Rule 15 argues the amendment should relate back to the filing of the original complaint.  Johnson contends DHSS and Landgraf should have known the lawsuit should have been filed against them, and because Rule 15 authorizes adding her as a defendant, permits him to remedy any ineffective service.

Johnson also seeks to name Landgraf and Cutler as defendants in their personal capacity, since the same events set forth in his original complaint equally support a 42 U.S.C. §1983 claim against them.  Johnson maintains Rule 15 authorizes adding these proposed defendants, with the amended pleading relating back to the filing of the initial complaint.

### V.    DISCUSSION

#### A.    Motion to Amend

Johnson's motion to amend his complaint is misplaced.  After being ordered to respond to DHSS' motion to dismiss, Johnson responded with a motion to amend to add Landgraf to this action in both her personal and official capacities and Cutler in his personal capacity.  In general, the purpose of Rule 15 is to allow the plaintiff to bring in additional defendants that may or may not have been readily available or known at the time litigation was instituted.  Johnson presents no evidence that neither proposed

7

defendant was unavailable or unknown. In fact, he suggests the contrary. There is no dispute that Johnson correctly named DHSS as a defendant.[28] While Johnson argues he simply erred, and Rule 15 allows for the correction of such mistakes, he misconstrues DHSS' position, as well as the application of Rule 15. Although DHSS is a correct party, he failed to effectively serve this agency. In an attempt to avoid the potential effects of improper service, Johnson attempts to use an amendment, arguing the new complaint should relate back to allow proper service on DHSS, Landgraf, and Cutler. Johnson's efforts, however, fail to satisfy all requirements of Rule 15.

Johnson's proposed amendment attempts to add a new claim under § 1983 against two new proposed defendants. To add a new claim, Rule 15 requires the opposing party's permission or the court's leave, which "should freely [be] give[n] . . . when justice so requires."[29] Further, because the § 1983 claim in the proposed amendment arises from the conduct set out in the initial complaint, it would relate back to the date of the original filing, that is Nov. 16, 2011.

The proposed additional parties, however, fail to meet the criteria set forth under Rule 15(c)(1)(C). To add new defendants, Johnson must show they had notice of the action to prevent prejudice[30] and "knew or should have known that the action would have been brought against it, but for a *mistake* concerning the proper party's identity"[31] "*within the period provided by Rule 4(m) for serving the summons and complaint.*"[32] Because Johnson failed to serve anyone before the 120 day deadline passed, and in

---

[28] D.I. 1.
[29] FED. R. CIV. P. 15(a)(2).
[30] *Id.* 15(c)(1)(C)(i).
[31] *Id.* 15(c)(1)(C)(ii).
[32] *Id.* 15(c)(1)(C) (emphasis added).

8

the absence of any evidence of mistake, he has not demonstrated any notice, actual or otherwise, in order to meet the requirements of Rule 15.[33]  For these reasons and because justice so requires, Johnson's motion to amend is denied as to the additional defendants Landgraf and Cutler, while the proposed § 1983 claim against those defendants is denied as moot.

### B. Motion to Dismiss

The court has wide discretion to grant or deny a motion to dismiss under Rule 4(m).[34]  The analysis begins with Johnson's attempt to serve DHSS.  The rule provides a 120 day deadline in which a plaintiff must effect proper service upon a defendant after filing the complaint.  On March 22, 2012, eight days after the deadline expired, Johnson served Waters, a deputy Attorney General.  The Federal Rules of Civil Procedure and the applicable state rule and statute provide that, in this jurisdiction, Johnson must serve at least two individuals:  (1) the chief executive officer of the state agency being sued; *and* (2) the Attorney General, the Chief Deputy Attorney General, *or* the State Solicitor.  As explicitly provided in the statute, the latter service must be personal.[35]  Johnson made no attempt to serve the chief executive officer of DHSS and has still not done so.[36]  The court finds Johnson failed to effectively serve the Attorney General as well.  The statute only allows personal service; no other acceptable form exists or has been pointed out to the court.[37]  Johnson's attempted service failed to effectuate required service under federal Rule 4 and the applicable state rule and statute.

---

[33] *Singletary v. Pennsylvania Dept. Of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001).
[34] *Umbenhauer*, 969 F.2d at 30.
[35] 10 DEL. C. §3103.
[36] D.I. 12 at 2.
[37] *Miller*, 2009 WL 1900394, *4.

9

Upon a showing of good cause, the court must grant an extension of the deadline for an appropriate period.[38]  Good cause is determined by examining:  (1) whether the plaintiff reasonably attempted to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether the plaintiff moved for an extension of time for effecting service.[39]  In the year and a half since the filing of this matter, Johnson made a single faulty attempt to serve the Attorney General.  To date, he has not further tried to serve either DHSS or the Attorney General correctly. Johnson was made aware of or should have been aware of his failure to properly serve by the filing of DHSS' motion to dismiss on September 20, 2012.[40]  In the four months following, Johnson still did not attempt service on either party.  Nor since the filing of this action, has he ever sought leave from the court for an extension.  In fact, if it had not been for the proactive action by the court, this matter would have languished on the docket forever.  Johnson's efforts cannot be said to be reasonable.

DHSS, however, has not been prejudiced by Johnson's failure to serve.  It has been aware of this matter probably since the inadequate service on the deputy attorney general.  Upon proper service, if achieved, the case could move forward.  DHSS has not alleged nor demonstrated that Johnson's failure to properly serve has prejudiced it in any fashion.  As noted previously, it is similarly evident Johnson never moved for an extension of time, as he should have, at the latest, upon receipt of DHSS' motion to dismiss.  For these reasons, the court finds there was no showing of good cause and

---

[38] FED. R. CIV. P. 4(m).
[39] *Thompson*, 501 F. Supp. 2d at 604.
[40] D.I. 7.

10

Johnson is not automatically entitled to an extension.

The inquiry, however, does not end at this juncture since the pursuit of justice is the court's goal. Where justice so requires, the court has the discretion to grant an extension to the plaintiff absent a showing of good cause.[41] Dismissal of this claim would prejudice Johnson, immediately denying him the right to a possible evaluation of his case on the merits. Although the court should provide some lenience to pro se litigants, that allowance is not limitless. In light of the analysis herein, Johnson is granted an extension of thirty (30) days to effectuate proper service upon both the secretary of DHSS pursuant to Rule 4(j) *and* upon the person of the Attorney General, Chief Deputy Attorney General, or State Solicitor under 10 DEL. C. §3103. If he fails to properly effectuate such service, upon the expiration of the extension, the court will entertain a motion to dismiss this action.

## V.   CONCLUSION

For the foregoing reasons, Johnson's motion to amend pursuant to FED. R. CIV. P. 15 is denied. DHSS' motion to dismiss pursuant to FED. R. CIV. P. 4(m), is denied, with leave to renew if proper service is not completed within the time authorized in this decision.

**ORDER**

Consistent with the findings contained in the Report and Recommendation of the same date,

IT IS RECOMMENDED that Defendant's Motion to Dismiss Complaint for Failure

---

[41] *Petrucelli*, 46 F.3d at 1305.

to Serve (D.I. 7) be DENIED and Plaintiff's Motion to Amend (D.I. 11) be DENIED.

Johnson is GRANTED an extension of thirty (30) days to effectuate proper service upon both the secretary of DHSS pursuant to FED. R. CIV. P. 4(j) *and* upon the person of the Attorney General, Chief Deputy Attorney General, or State Solicitor pursuant to 10 DEL. C. §3103.  Johnson should be aware of FED. R. CIV. P. 4(c)(2) which prevents him from personally serving the summons on either party.  The extension will expire on April 30, 2013.  If Johnson fails to effectuate proper service before the extension expires, the court will entertain a motion to dismiss.

Pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72 (b)(1), and D. DEL. LR 72.1, any objections to the Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same.  Any response shall be limited to ten (10) pages.[42]

The parties are directed to the Court's Standing Order in Pro Se Matters for Objections Filed under FED. R. CIV. P. 72 dated November 16, 2009, a copy of which is found on the Court's website (www.ded.uscourts.gov.)

A copy of the Report and Recommendation and this Order was mailed to James W. Johnson on March 28, 2013.

Date:  March 28, 2013         /s/ Mary Pat Thynge
                              UNITED STATES MAGISTRATE JUDGE

---

[42] FED. R. CIV. P. 72(b)(2).